I want to start by making one thing clear, because I'm not sure it was clear from the briefs, and that's that what this case is not about. This case did not involve the dismissal of an order to show cause because of Vargas Maya. That is not what this case is about. And the government's arguing that one of the reasons to dismiss the case was Vargas Maya is a post hoc justification. What's absolutely crystal clear from the record, beyond a reasonable doubt, is that the purpose for dismissing the OSC was to send Mr. Daniel to state court, and that is a completely improper purpose under Rule 32.1 and under 3583i. I would refer the Court to the excerpt of record at page 82, where the transcript says, the judge said, it's the government's intent, as stated, to let him be tried on the state court charges. I'd also refer the Court to the minutes of the Court at excerpt of record 93, where the Court said, the amended OSC is to trail the state court case. I'd also refer the Court to the district court's dismissal order, where the Court again made it absolutely clear that the case was being dismissed without prejudice because, quote, defendant has pending state case. And finally, it's clear from what the government said when we appeared in front of Judge Huff, where they said their primary reason for asking for the case to be dismissed without prejudice was to send the case to state court. And that's at excerpt of record 80, where the government said that their primary reason was to send him to state court to face the state court charges. Secondarily, the government said, there's also this issue of the warrant not being in place. And that's a red herring because for two reasons. First, as is common practice in the Southern District of California, what they do is issue, as they did in this case, an amended order to show cause, which lists, just has a little box that says under penalty perjury, as they did in this case. The other option was the probation officer was there in court, and all the court had to do was have the probation officer sworn so that the show cause would be sworn. So this is not in any way a case that Why did it have to do that? Perhaps it could have done that, but why did it have to? Why couldn't it have done what it did? Dismiss the case without prejudice? Yeah. And then issue new warrants. Well, the reason that this was an unwarranted manipulation of the Supreme Court's system was that the court dismissed the case for the purpose of sending him to state court and then reissued warrants in order to, in an attempt to try to have a indefinite continuance and an extension of jurisdiction. 3583i says, and as interpreted by this court in Garrett, clearly says that there's only one purpose for continuing jurisdiction beyond the term of supervised release. And in this case, there were two terms of supervised release, two five-year terms, and they had at most two days left on those terms. And there's only one reason to continue jurisdiction beyond the five-year terms, and that is to adjudicate the Federal order to show cause allegations. And instead, what the court and what the government did in this case is dismiss without prejudice in order to keep jurisdiction after sending him to state court to face other, to face state court allegations. So that was completely improper in this case, because in this case, there were also Federal allegations in the order to show cause, failing to report. Mr. Daniel had a right under Rule 32.1 to have a timely hearing. Rule 32.1 says that the district court must hold a hearing within a reasonable amount of time. And instead of complying with Rule 32.1 and holding a hearing within a reasonable amount of time, the district court instead decided to dismiss the allegation without prejudice, even though I asked that it be with prejudice, and in an attempt to circumvent Rule 32.1, and also clearly in violation of 3583i, which says that the court can only extend its jurisdiction for purposes of adjudicating the Federal OSC allegations. Now, is it your position, or would it have made a difference in your view, if the only allegation of a violation of the conditions of supervised release was the state crime? In other words, you mentioned something here to the effect that there were also allegations of violations of other terms of Federal supervised release. Does that make any difference to you? It wouldn't have made a difference. It would not? Because if it doesn't, I just want to ask you then, it would be your view that the U.S. district court ought not, when confronted with a petition to revoke supervised release based on the commission of a state crime, that the district court can't continue that matter until after the adjudication of the underlying state charge, if it goes beyond the end of the supervised release? Correct. If the person, under the facts of the case ---- And that's purely a legal argument. I mean, that's what you're saying the law is. That is what the law is, but I think the court also looks at the reasonableness of the court's actions. Because here, we're looking at whether or not the district court abused its discretion in what it did. I guess that's what I'm getting at. Would it be unreasonable for ---- this is pretty serious. He was charged with attempted murder in state court, right? Would it be reasonable for the district court, if that were ---- let's say that were the only alleged violation, and there weren't any other issues, there'd been an affidavit supporting the petition to revoke. If the district court took the position that that's a pretty major crime, it ought to be tried in state court or resolved in state court before I decide what to do here. Or would you take the position that, no, the district court must go ahead if it's going to pursue this alleged violation and adjudicate the attempted murder in U.S. district court to determine if the violation of supervised release has occurred? The latter. If the person is in federal custody and in federal court, as in this case, so that's what distinguishes this case from every other case, is that Mr. Daniel was in federal court in front of a federal United States district court judge facing order to show cause violations that included state and federal. Let's just go with your hypothetical and assume it's only state charges and that there weren't any purely supervised release charges. The only violation of supervised release was commission of a state crime. Going with that assumption, it doesn't change the outcome, although it goes into whether or not what the court did was reasonable. But the issue here is whether or not it's reasonable, whether the district court can extend jurisdiction for purposes of adjudication of state court claims. And the answer is clearly no. And the answer is provided to this court in Garrett, because in Garrett, the court made absolutely clear that 3583I, the purpose, the sole purpose of extending jurisdiction beyond the period of supervised release is to adjudicate the order to show cause allegations. In Garrett at page 449, they looked at the language of 3583I and said any period reasonably necessary for the adjudication of matters arising before its expiration, that's what it says, refers to the federal adjudication of the defendant's supervised release violations. Thus, 3583I extends the jurisdiction of federal court only to the period of time reasonably necessary to adjudicate the pending supervised release revocation issues. So that's the answer right there, is that no, that's not a valid, it's not a valid extension of federal jurisdiction to send it to state court to adjudicate those claims. I understand the court's concerns in that this is, the state court claims are more serious than the federal claims, and so it might sound logical to send the case to state court to be adjudicated. There's, but there's flaws in that as well. The, because we're talking about a state court trial and the possibility of a state court trial where the government would have to prove beyond a reasonable doubt that Mr. Daniel attempted to murder someone and assault with a deadly weapon and the other charges, compared to only having to prove only by preponderance of the evidence that the allegations are true, or just that one of the allegations were true because they're all the same grade in the district court. So the hearing that would have been required in the district court would have been shorter than the oral argument we have here today. The U.S. government could have called a witness to testify and it would have been over in probably a half hour. So you don't think it's necessary that the underlying crime be proved beyond a reasonable doubt before we could revoke supervised release on the theory that the crime had been committed? Not for supervised release. The way the law stands now, that the standard is not beyond a reasonable doubt. Well, it certainly isn't with respect to the typical violation, but whether or not the violation exists. The district court, the way the law is, the district court would only have to find by preponderance of the evidence that Mr. Daniel shot the gun at someone and tried to kill them or assault with a deadly weapon, any of those charges. And again, Garrett at page 450 says that the holding in Garrett reflects the belief that the purpose of 3583I, again, extending Federal jurisdiction beyond the period of supervised release, was to assure reasonable speed of Federal adjudication after the defendant is in Federal custody. And again, that's what distinguishes this case from all the other cases. Why does this court have jurisdiction in this case? This court always has jurisdiction to review whether or not the district court abused its discretion in the supervised release case. The district court has a lot of discretion in supervised release. What is the basis for our appellate jurisdiction? Is there a final order here that we are reviewing? Absolutely, Your Honor. The district court dismissed the order to show cause allegation, and that dismissal is the final order that is being reviewed in this court. Now, if I understand it, it dismissed it without prejudice. Correct. Correct. And then there was a new order to show cause that was issued? Correct. On January 18th was the hearing at which Judge Huff dismissed both of the order to show cause allegations and issued her dismissal, sending Mr. Daniel to State court custody. It's not clear from the record when he was actually physically sent to State court custody, but they had two days in which to issue the new warrants, which they did, I believe, on the 19th, so the very next day. So he may have still been in Federal custody when they issued the new warrants, but they weren't executed. What was the judgment of the district court? The judgment was an order of dismissal and denying my request that it be with prejudice. An order of dismissal? Right. What was the judgment, the final judgment of the district court that you're appealing? It's the order dismissing the OSC allegations, because I asked that the order be with prejudice because Mr. Daniel has a right to a hearing within a reasonable amount of time, and the judge, and instead of letting him have a hearing, it was dismissed without prejudice, which leaves him under supervisory release. So he's still on supervisory release. There's no final judgment. There is a final judgment. What is it? It's that order. Well, that isn't. What's appealable about that order? It's that order is the closest Ninth Circuit case is the case that I cite, Farmer v. McDaniel. In that case, there was a habeas petitioner, and he argued that the dismissal of his amended third petition without prejudice was not a final order, appealable order, and that the State lacked standing to appeal from an order in its favor. This Court rejected that argument and found it had jurisdiction to review the without prejudice order dismissing the petition. And so, and generally that is the rule. When one party moves to dismiss the case without prejudice and the other party says that it should be with prejudice, that is an appealable order. And the Supreme Court has also said in Krackenbusch v. Allstate Insurance in 1996 that when you have an order of the court that sends the matter out of court, and in this case, sent it from the court. There was a new order to show cause that was filed. So the thing was still continuing. There was still something going. It's not the same as a dismissal without prejudice in a case where you choose to test the sufficiency of the allegations. So you say, okay, we're not going to file another petition. That's the manipulation of the system that we're appealing, Your Honor, is that they knew that there was only two days left and that this case was supposed to be adjudicated within those two days because he's in Federal court in front of the Federal judge. And instead of adjudicating the case, they're trying to get around the system. What you really want is a mandamus to say that there was no jurisdiction to consider the second order to show cause, isn't it? What I'm seeking is for this Court to find that because the district court abused its discretion, it lacks jurisdiction. And that's what the supervised release cases say, is that the court must have a hearing within a reasonable amount of time and that when there isn't a hearing within a reasonable amount of time, that isn't the court's acting in excess of its jurisdiction. What would be the relief that you would have if we were to hold that this order was erroneous or an abuse of discretion? What would be your relief? The relief is that the court would find that the district court did abuse its discretion and that his supervised release is over. He's just free of all Federal. Correct. He got five years in the State court. And what the Federal government is trying to do is hold on to him so that they can take a look at State court and decide whether they think he got enough time in State court. And then once he's done with his five years in State court custody, he'll have to come back to Federal court, face the exact same charges that he already pled guilty to in State court so that they can give him consecutive time to that State court, even though what they were supposed to do was adjudicate it while he was in Federal court in front of a Federal judge. Well, this Court can't decide all of the ramifications of what might happen if the U.S. attorney decides that he didn't get punished enough in the State court and starts new proceedings. You've got all kinds of remedies after that happens. But what – where have you been injured in this case by having this interlocutory order and just dismissing the case without prejudice? Leaves it open. It can be refiled. Anything can happen. Your Honor, as the Supreme Court said in Krakenbusch, it's not an interlocutory order. When the order sends the litigants out of Federal court into State court, the case is over. And the fact that the government is trying to continue the jurisdiction of the district court beyond its expiration, it long ago expired, is a manipulation of the system. And that's what the harm is that – Is that what the district court did by saying, okay, I'm going to dismiss this because there's a new case that's come down that says you have to have a sworn affidavit here? Right. That's what I want to make completely clear, Your Honor. That is not what the district court did. As the district court's own order, what the district court said, what the minutes say, and what the government said at the hearing was, we're dismissing this case for the purpose of sending Mr. Daniel to State court. This was not a dismissal in order to fix the warrant. That is not what this case is about. And the record proves beyond a reasonable doubt that that's not what this case is about. The government said that their primary reason was to send him to State court. The district court agreed. That's what they did. And then they did this amendment to just add a little box that says under penalty of perjury, which they could have done in court right then and there. So the – I think that that would be a good opportunity for us to hear from the government. Thank you. We've got about two minutes left. Good morning, Your Honors. Michael Lassiter for the United States. In the law, there are many things that aren't clear. But one thing that does seem to be abundantly clear is what a final judgment means in a criminal case. And the Supreme Court has told us that, specifically saying in par, we – the final judgment in a criminal case means sentence. The sentence is the judgment. It can't be more clear than that. There is no final judgment in this case. Counsel refers to a number of cases, civil in nature, including the Farmer case, which was a habeas matter, civil in nature, before a different court, the Farmer one, involved in Arizona. It appears to be a death penalty case, which – and this was a time when there were many delays in death penalty cases through petitions to federal court. It was before, I think, a depo came into effect. And finally, after the third petition was – the state's objection to it was granted without prejudice. The state said, enough's enough. We can't get an execution date. We're going to bring it to the Ninth Circuit and see if they can resolve the issues. And the Ninth Circuit assumed jurisdiction. But, again, that was a civil case. It was not a criminal case. And in a criminal case, the Supreme Court tells us clearly that the final judgment is the sentence. Well, could you just enlighten us as to what was going on here? Of course. The supervised release was about to expire, I take it. Yes. There was an – there were actually two OSCs filed because Mr. Daniel had two cases, similar cases. They were both rock cocaine cases from a number of years before he received sentences of 151 months to be served concurrently with five years of supervised release. He was alleged to be in violation of his supervised release for a number of things. There were a total of five violations. The first four all involved him firing a gun or possessing a gun. He has, as counsel alluded, just received a five-year sentence. He was sentenced on October 25th, I believe, by state court, two years on the assault of a deadly weapon with a consecutive three years for the use of a firearm. So he's currently serving a five-year state sentence. The first four violations involved the gun activity. The fifth violation involved his failure to surrender to law enforcement authorities as directed by the probation office. It turns out he fled the jurisdiction. He went to Las Vegas. He was arrested in Las Vegas on the federal warrant. There were both federal and state warrants outstanding for him. He was brought back to – he was arrested the end of November in 2004. He was brought to San Diego the very beginning of December 2004. I think the second he made his first appearance. There was one or two brief continuances, I believe, requested by the defense just to, you know, figure out what was going on. And then there was a request made for a contested evidentiary hearing, which was set for January 18th of 2005. At that time, the government – it was me – moved the court for a dismissal without prejudice of both of the OSCs on the grounds that, counsel is correct, one, this probably should be handled first in the state court. These are – the serious violations are all state violations. And as a matter of fact, the defendant receives better rights in the state court in that he has a right to trial by jury, proof beyond a reasonable doubt, whereas in the OSC, it's the judge alone and preponderance of the evidence. So that's why you moved to dismiss? We moved on two grounds in the district court. The primary ground clearly was this is a state violation. Let's let the state resolve it, and then we'll see where the chips fall. And additionally, we pointed out that Vargas Amaya had changed the law. And, in fact, we were two days short. As a practical matter, if a new OSC had not been issued, two days later the defense could have stood up and said, excuse me, Your Honor, there's a little problem here. This charging document isn't correct. Move to dismiss. Court would have had to dismiss it. He would have been off of supervised release, and we would have been out. So we had to do something on it. But the primary reason clearly was to let the state resolve it. What this case really is, and then two days, because there were two OSCs, one of the new ones was signed by the Court on the 18th. The next one was signed on the 19th. That's why there might be a little conflict in the dates. When you say to get him to state court, procedurally, what was going to happen? Once the Court granted the motion dismissing, then he was no longer needed in federal custody. The state executed its warrant and literally took him across the street. They were all in the courtroom? No, there were no state representatives there at all. Is that what you're referring to, Your Honor? I'm just trying to figure out what was happening in the courtroom. It was a very busy calendar, actually. But what was happening in the courtroom is I stood up and said, Your Honor, there's one case before you. There's another case before Judge Miller. Judge Miller is tied up in something right now and has agreed to transfer our motion to you for resolution. And she ruled that she granted our motion dismissing without prejudice, and counsel said he'd like it with prejudice, was given leave, I think, to file something a little bit later, as I recall, and the Court denied that motion as well. The OSC then ended at that time. Subsequently, later that day, the probation officer went to the Court, to Judge Huff, who turns out was going to be leaving, I think, a day or two later herself, and she signed off on the two new OSCs, which alleged the same violations. Warrants were also issued but not executed at that time. So then contrary to what has been said by Mr. Daniels' counsel, it would be your view that sometime down the road, subsequent to Mr. Daniels' conviction in state court, you could bring a proceeding, even though this is long after his supervised release would otherwise have expired, and put him back into custody for violating supervised release. I mean, your view is that surely that must be your view that's proper, that's permissible. In this particular case, because the currently pending OSCs were issued by the Court, authorized by the Court, while the defendant was on supervised release, the Court retains its jurisdiction even though supervised release is not. It would be reasonable to exercise that jurisdiction four, five, six years later. Under Garrett, it is reasonable and totally legal to do so. I would also note, though, that while Garrett says the Court does not have to bring a defendant back, Garrett does permit the Court to do that. And we do have, as a practical matter, cases where the district court decides it will exercise its jurisdiction while the person is serving a sentence, and actually bring them back in, and we prepare the paperwork, the Court issues the writ, we have our hearing, and then the Court imposes whatever sentence it deems appropriate. The Court can do that. It's just not obligated to. So in other words, what was really going on here was that you wanted to get him into you wanted to get him tried by the State court on the charges that were pending there. That was the primary reason. And the reason for the without prejudice was to make sure that later on down the road, you might still have a hook on him. The Court could retain its jurisdiction to decide what it felt appropriate. And that's what you do with respect to the violation of the supervised release? Yes. Okay. Any other questions? I don't believe so. Thank you. Thank you. Your Honors, the government wants to have its cake and eat it, too. It wanted to send the case over to State court, but it wants to retain jurisdiction beyond the time when it should have adjudicated the matter. It was a simple matter that could have been adjudicated in front of Judge Huff, but wasn't. As the government just said, it was a contested hearing that was set for January 18th. Instead of going forward, they dismissed without prejudice. The government has said that you need a final judgment for an appeal in a criminal case, and that's simply not true. The United States cites United States v. Parr, which is a United States Supreme Court case from 1956, a 5-4 decision, which shows that that was even a close decision. And that case is completely distinguishable because that was an indictment case. The cases they go ahead, finish your point. I mean, there were different indictments in that case, one in the southern district of Texas, one in the western district of Texas. And that was clearly interlocutory because he was trying to appeal the dismissal of an indictment when there was another indictment pending. And so the huge difference is when an indictment is dismissed, that's it. That's the end of the case. That case is over. But here, dismissing the OSC allegation left Mr. Daniel on supervised release. He was still on supervised release, and that's the prejudice, Your Honor, Cedric, that you were asking about. I'm not asking prejudice, but what is the order that a marshal would take and execute? What would come across the marshal's desk that would cause him to do anything? Your Honor, there is a Federal warrant for Mr. Daniel. So it's not like the government could ---- Well, that is the problem. I think what the government is saying here, what everybody thought they were doing ---- I may be wrong, but I think what they thought they were doing was saying, Well, you know, we'll see. He's got serious charges in State court. We're not going to fool around testing these now. But later, we may want to do something about what he did in violation of his supervised release. And if they do, and if you are ---- and your client suffers some harm as a result of that, then you have an order that you can appeal. This order is appealable, Your Honor, because the district court abuses discretion, and he had to have a hearing within a reasonable amount of time. And the key ---- Other than scolding the district court for abusing our discretion, what would this accomplish? When they abuse their discretion in this manner and try to extend jurisdiction, they're acting in excess of jurisdiction. That's what all the cases on supervised release say. So they ---- the jurisdiction is over. He's off supervised release. So you want a mandamus to ---- Well, I go back to the old days when a judgment was something which the sheriff could take it out and put A in possession of B's property. That was a judgment. A marshal could go and do something. What would the marshal do in this case? The marshal doesn't have to do anything. This Court would issue an order saying that the district court acted in excess of its jurisdiction. Jurisdiction is over. Supervised release is over. It applies to grit rather than appeal. Yeah. Sounds like an advisory opinion. Okay. Your time has expired. Thank you, counsel. The case just argued is submitted for opinion for decision. That concludes the Court's calendar for this morning. The Court stands adjourned.
judges: Schroeder, Goodwin, Sedwick